[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 09-14094
Non-Argument Calendar

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
MARCH 31, 2010
JOHN LEY
CLERK

D. C. Docket No. 06-00263-CV-HLM-4

SARA VALDEZ,

Plaintiff-Appellant,

versus

STAPLES, INC.,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(March 31, 2010)

Before TJOFLAT, BARKETT  and ANDERSON, Circuit Judges.

PER CURIAM:

Sara Valdez appeals from the district court's grant of summary judgment in

favor of Staples, Inc. in her retaliation claim, filed pursuant to the Age Discrimination in Employment Act ("ADEA"), 29 U.S.C. § 623(d).[1]  We affirm.

Valdez, a 53-year-old woman, was terminated from her position as a part-time cashier at the Staples store in Rome, Georgia on April 18, 2006.  She alleges that during a meeting with Tara Mayes, her store manager, Mayes called Velez "nothing but an old bag".  Valdez contacted Bob Noon from Staples's human resources department to report that Mayes had been loud and disruptive and had called her an "old bag."  Valdez admits that she did not expressly raise the issue of age discrimination in this conversation.  Rebecca Ward, a colleague of Noon's from human resources, was sent to the Rome store to investigate Velez's complaints about Mayes. Ward concluded that all of Valdez's claims about Mayes were unsubstantiated and that Valdez's behavior since the meeting had been disruptive and unprofessional.  As a result, Ward recommended that Valdez be counseled for unprofessional behavior in the workplace.

Sometime thereafter, one of Valdez's coworkers informed Mayes that she had seen Valdez filling out reward card applications using the phone book, in violation of Staples's policies.  When Mayes asked Valdez if she had, in fact, filled out applications in this manner without customer consent, Valdez admitted that she

---

[1] Valdez also brought a claim for age discrimination but later dismissed it voluntarily, with leave of the court.  Accordingly, that claim is not presently before us.

had done so, but asserted that she was only doing what Mayes had previously instructed her to do. Mayes contacted Ward who, after another investigation, determined that Valdez should be terminated for falsifying documents in violation of Staples's ethics policy. Valdez was then terminated by Ward via telephone with Mayes and her assistant manager present.

We find no reversible error in the district court's conclusion that Valdez failed to present sufficient evidence to create a genuine issue of material fact as to whether she was terminated because of her complaint regarding Mayes. After Valdez complained about Mayes's "old bag" comment, Ward came to the Rome store and conducted an investigation, finding no merit to Valdez's complaint. Although Valdez may be dissatisfied with the results of Ward's investigation into Mayes's comment, the evidence shows that an independent investigation into her claims was completed.

Further, after this investigation was completed, an independent report was made by one of Valdez's coworkers that she falsified documents in violation of company policies, a claim which Valdez does not dispute. Ward conducted another investigation into Valdez's claim that she had been instructed by Mayes to falsify documents and again found no merit in this claim Valdez's intervening act of misconduct and the intervening investigation by the corporate office were

sufficient to erode any causal connection created by the close temporal proximity between Mayes' comment and the termination.

**AFFIRMED.**